91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mary LAWRENCE, Plaintiff-Appellant,
v.
Marvin T. RUNYON,** in his official
capacity as Postmaster General, United States
Postal Service, Defendant-Appellee.
 No. 95-3722.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1996.*
Decided June 26, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Mary Lawrence appeals from the district court's grant of summary judgment to the Postmaster General of the United States on Lawrence's claim for an order enforcing a final decision by the Equal Employment Opportunity Commission. Although the EEOC had ruled that Lawrence was entitled to reinstatement and back pay, the district court refused to enter an order of enforcement. With regard to the issue of reinstatement, the district court noted that the Postal Service had offered Lawrence reinstatement subject to her taking a standard medical examination, but that Lawrence rejected the offer by letter dated April 13, 1991. As for Lawrence's claim for back pay, the court noted that Lawrence had been receiving disability payments since March 23, 1984 under the Civil Service Retirement Act, 5 U.S.C. §§ 8331-8348, after the Office of Personnel Management had determined that she was disabled and hence unable to work. The court concluded that Lawrence's lost wages since March 23, 1984 were the result of her disability, not any discrimination.
 
 
 2
 In her opening brief on appeal, Lawrence offers no intelligible argument for reversing the district court's judgment. She presents one page of argument, in which she discusses neither the district court's reasoning nor any pertinent legal authorities. As a result, she has waived any argument on appeal. Gagan v. American Cablevision, Inc., 77 F.3d 951, 965 (7th Cir.1996); Fed.R.App.P. 28(a)(6). Although she presents a fuller discussion in her reply brief, this discussion comes too late. Cir.R. 28(f). An appellant is not entitled to reserve arguments until after the appellee has filed a response brief. Bobo v. Kolb, 969 F.2d 391, 400 (7th Cir.1992).
 
 
 3
 AFFIRMED.
 
 
 
 **
 Pursuant to Rule 43(c) of the Federal Rules of Appellate Procedure, Marvin T. Runyon has been substituted for his predecessor, Anthony M. Frank, as Postmaster General
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)